**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shirley Azucena Gavilanes Medina,<br><br>Petitioner,<br><br>v.<br><br>Pam Bondi, et al.,<br><br>Respondents. | No. CV-26-00178-PHX-MTL (DMF)<br><br>**ORDER** |

In this habeas case asserted under 28 U.S.C. § 2241, Petitioner argues that her continued detention is unlawful. Based on the well-pleaded allegations of the Petition and the declaration submitted by Respondents, the Court finds that a ruling may issue on the present record. A reply brief is not necessary as it will not aid in the determination of the matter. The petition will be denied without prejudice.

**I.**

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner

must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

## II.

Petitioner alleges that she is a native and citizen of Ecuador and that she has been in the custody of U.S. Customs and Immigration Enforcement ("ICE") since January 3, 2025, having illegally entered the United States on that day. (Doc. 1 ¶¶ 11, 12) She was grated withholding of removal under the Convention Against Torture by an immigration judge on September 4, 2025. (*Id.* ¶ 11) The order became administratively final on that day due to the Department of Homeland Security waiving its right to appeal. (*Id.*)

Responding to the Court's Order to Show Cause (Doc. 4), Respondents argue that the petition should be denied. Less than six months have passed since Petitioner's order of removal became final. Under the Supreme Court's reasoning in *Zadvydas*, a detention of six months or less is a "presumptively reasonable period of detention." 533 U.S. at 701.

The Court agrees with Respondents. The current state of Petitioner's detention is within the presumptively reasonable period. Even so, the declaration submitted by Respondents indicate that the DHS and ICE are actively pursuing "safe third country removal assistance." (Doc. 7-1 ¶ 7, *see also id.* ¶¶ 8-9)

Petitioner is advised that a denial of her petition <u>without prejudice</u> means that a new petition for habeas corpus may be filed at an appropriate time.

1    **IT IS THEREFORE ORDERED** that the Petition is denied without prejudice
2    (Doc. 1). The Clerk of Court must enter a judgment of dismissal and close this case.
3    Dated this 21st day of January, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge